UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON GLIK, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON, <br><br> Defendants. | Civil Action No. 1:10-cv-10150-WGY |

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a civil rights action for the unlawful arrest and prosecution of Simon Glik for openly recording police activity with his cell phone. Mr. Glik, an attorney, observed an arrest on Tremont Street in Boston. He used his cell phone to record the arrest. The police officers admit in their report that they arrested Mr. Glik only after he told them his cell phone recorded sound as well as video. Massachusetts law does not prohibit openly recording sound. Documenting police conduct in public is expressive activity protected by the First Amendment. Criminal charges were pending against Mr. Glik for four months until the Commonwealth voluntarily dismissed one charge and a judge dismissed the other two charges because they were not supported by probable cause.

2. The City of Boston is sued for failing to properly train Boston police officers that they cannot arrest people for openly making video or audio recordings of their conduct in public.

The City also failed to supervise and discipline Boston police officers to assure that they followed the law in making arrests under the state unlawful wiretap statute. The City permitted officers to feel that they could commit misconduct without fear of punishment.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

## PARTIES

4. Plaintiff Simon Glik is a resident of Suffolk County, Massachusetts. He is a member of the Massachusetts bar and is a naturalized citizen of the United States.

5. Defendant John Cunniffe was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department holding the rank of sergeant. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

6. Defendant Peter J. Savalis was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

7. Defendant Jerome Hall-Brewster was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. He is sued in his individual capacity.

8. Defendant City of Boston is a duly organized city in the Commonwealth of Massachusetts.

**FACTS**

9. On October 1, 2007, Mr. Glik was walking on Tremont Street from Park Street toward Boylston Street, on the sidewalk next to the Boston Common.

10. While he was walking, he saw three Boston police officers he now knows to be the Defendants John Cunniffe, Peter J. Savalis, and Jerome Hall-Brewster arresting a young man near a park bench.

11. Mr. Glik heard another young man standing nearby say something like, "You are hurting him, stop."

12. Mr. Glik was concerned that the police officers were using excessive force to make the arrest.

13. Mr. Glik stopped near the bench and took out his cell phone so that he could document the conduct of the police officers.

14. Mr. Glik recorded the incident from approximately ten feet away. He believes he recorded three short segments.

15. Mr. Glik did not speak to the police officers nor did they speak to him until the suspect was in handcuffs.

16. Mr. Glik did not interfere with the officers' actions during the arrest. He simply stood at a distance and recorded the incident.

17. After the suspect was in handcuffs, one of the Defendants said to Mr. Glik, "I think you have taken enough pictures." Mr. Glik responded, "I am recording this. I saw you punch him."

18. One of the Defendants then approached Mr. Glik and asked if the phone recorded audio. Mr. Glik affirmed that he was recording audio. One of the Defendants handcuffed Mr. Glik. Defendants arrested Mr. Glik and took him into custody.

19. According to the police report written by Defendant Savalis, after Mr. Glik said that he was recording audio, he was "placed under arrest for unlawful electronic recording (unlawful audio recording without permission), aiding escape from police officer, and breach of the peace."

20. The suspect did not escape from the police officers, nor did Mr. Glik aid in any attempted escape.

21. Mr. Glik did not breach the peace.

22. During booking, the police obtained a computer flash drive from Mr. Glik. He told the officers that it contained important computer files. The booking officer claimed it looked like a microphone and therefore held it as evidence.

23. One of the officers who transported Mr. Glik to the South Boston police station asked him if he would still be a lawyer after being charged with a felony.

24. Mr. Glik was held at the police station until his wife arrived and posted a fee. His property was returned with the exception of his cell phone and the flash drive, which were unlawfully held as evidence.

25. Plaintiff was charged with violation of the wiretap statute, M.G.L. c. 272 §99 c.1., aiding in the escape of a prisoner, M.G.L. c. 268 § 17, and disturbing the peace, M.G.L. c. 272 § 53.

26. Violation of the wiretap statute is a felony.

27. Any properly trained police officer would have known that the wiretap statute by its terms only applies to those who **secretly** record conversations and that it could not apply to Mr. Glik, who was openly recording the police officers. Such a police officer would also have known that photography is a form of expression protected by the First Amendment.

28. In 2001, the Massachusetts Supreme Judicial Court decided that secretly recording audio of a police officer violates M.G.L. c. 272 § 99, but stated that the result would be different if the recording had not been secret, for example if he were "holding the recorder in plain sight." *Commonwealth v. Hyde*, 434 Mass. 594, 605 (2001).

29. The Commonwealth voluntarily dismissed the charge of aiding in the escape of a prisoner because there was no probable cause for the charge.

30. On February 1, 2008, Judge Summerville of the Boston Municipal Court dismissed the remaining charges for lack of probable cause. He dismissed the illegal wiretapping charge because the statute and case law require that the unlawful recording be secret and the police officers admitted Mr. Glik was publicly and openly recording them. The judge dismissed the charge of disturbing the peace because while the "officers were unhappy they were being recorded during an arrest . . . their discomfort does not make a lawful exercise of a First Amendment right a crime."

31.     Boston police officers have arrested other people for violation of the state wiretap statute for openly recording audio using cell phones both before and after Plaintiff's arrest.

32.     The City of Boston had an obligation to properly train its police officers on the elements of criminal charges including the state wiretap statute and disturbing the peace. The City failed to train its officers that only **secret** audio recordings of a police officer are unlawful under the wiretap statute. As a result of this failure, it was highly likely that Boston police officers would unconstitutionally arrest people for openly recording police conduct.

33.     The City of Boston had an obligation to supervise its police officers to assure that they complied with the state wiretap statute in making arrests. The City did not properly supervise police officers to assure that they complied with this statute. For example, in Mr. Glik's case the supervisory officer on the scene, Defendant Sergeant Cunniffe, participated in the illegal arrest instead of properly instructing his subordinates on the law.

34.     The City of Boston had a policy or custom of indifference to misconduct by Boston police officers by failing to properly investigate complaints of misconduct and to discipline officers. The City of Boston also had a policy or custom of tolerating a "code of silence" or "blue wall" in which Boston police officers understood that they were not to report misconduct by fellow police officers.

35.     One month after the incident, Mr. Glik met with Boston police officers in order to file an internal affairs complaint with the Boston Police Department. After the charges against him were dismissed, Mr. Glik contacted the internal affairs division again. Despite Mr. Glik's efforts, and despite Judge Summerville's decision finding that the arrest of Mr. Glik was

unlawful, the Boston Police Department neither investigated nor disciplined the arresting officers.

36.     The Boston Police Department has also developed a custom of making it difficult for citizens to file complaints about the conduct of Boston Police officers. The Boston Community Ombudsmen Oversight Panel, set up to review internal investigations found that there "is a strong perception that citizens do not have easy access to filing complaints in supportive and non-intimidating environments."

37.     The City of Boston had an obligation to discipline its police officers when they failed to comply with the state wiretap statute in making arrests. The City did not discipline police officers for making illegal arrests of people for openly recording police conduct. This made Boston police officers, including Defendants Cunniffe, Savalis, and Hall-Brewster, feel free to unconstitutionally arrest people for openly recording police conduct.

38.     The individual Defendants' actions were taken with reckless disregard for Plaintiff's constitutional rights.

39.     Mr. Glik acted lawfully in openly recording police conduct. Mr. Glik was harmed as a result of this incident. He was shocked that Defendants arrested him. While the charges were pending, Mr. Glik suffered emotional distress; he was preoccupied with the case. He was upset and had trouble sleeping. Mr. Glik knew he had not violated the law, but he worried that a felony conviction would prevent him from pursing his career as a lawyer. He had to hire a criminal defense attorney to defend himself from the baseless charges.

40. Mr. Glik had recently finished a clerkship with the Probate and Family Court at the time of the incident. He was looking for a permanent job as an attorney. While the criminal case was pending, his job search was hampered.

41. When the Boston Police Department returned Mr. Glik's property, some of the video he recorded was erased, leaving only one short clip. The data on the flash drive had been tampered with, resulting in additional expense to attempt to restore the data.

### COUNT I      42 U.S.C. § 1983 Claim Against Individual Defendants CUNNIFFE, SAVALIS and HALL-BREWSTER

42. The above paragraphs are incorporated by reference.

43. Defendants Cunniffe, Savalis and Hall-Brewster, acting in concert, arrested Plaintiff.

44. Defendants Cunniffe, Savalis and Hall-Brewster deprived Plaintiff of his well-established rights to freedom of speech under the First Amendment to the United States Constitution, and to freedom from arrest without probable cause under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

45. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT II     Massachusetts Civil Rights Act M.G.L. c.12, § 11I Against Defendants CUNNIFFE, SAVALIS and HALL-BREWSTER

46. The above paragraphs are incorporated by reference.

47. Defendants Cunniffe, Savalis and Hall-Brewster arrested Plaintiff to intimidate him from showing the video of the arrest and to serve as a lesson to others that attempting to openly record police officers in Boston could result in an arrest.

48. Acting jointly and in concert, Defendants Cunniffe, Savalis and Hall-Brewster violated the Plaintiff's civil rights under the Massachusetts Civil Rights Act, M. G. L. c. 12, § 11I, by threats, intimidation, and coercion.

49. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT III  Massachusetts Tort of Malicious Prosecution Against Defendants CUNNIFFE, SAVALIS and HALL-BREWSTER

50. The above paragraphs are incorporated by reference.

51. Acting jointly, Defendants Cunniffe, Savalis and Hall-Brewster caused criminal charges to be brought against Plaintiff without probable cause and with malice. The criminal charges were all disposed of favorably to Plaintiff.

52. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT IV  42 U.S.C. § 1983 *Monell* Claim Against Defendant CITY OF BOSTON

53. The above paragraphs are incorporated by reference.

54. The violations of Plaintiff's constitutional rights by Cunniffe, Savalis and Hall-Brewster were caused by the policies and customs of the City of Boston as described above.

55. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

**WHEREFORE,** Plaintiff requests that this Court:

1. Award compensatory damages;

2. Award punitive damages against Defendants Cunniffe, Savalis and Hall-Brewster;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,
For the Plaintiff,
By his attorneys,

/s/ Howard Friedman
Howard Friedman, BBO #180080
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
hfriedman@civil-rights-law.com

/s/ David Milton
David Milton, BBO #668908
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
dmilton@civil-rights-law.com

/s/ Sarah Wunsch
Sarah Wunsch, BBO # 548767
**American Civil Liberties Union of Massachusetts**
211 Congress Street, 3rd floor
Boston, MA 02110
(617) 482-3170, ext. 323
swunsch@aclum.org

Dated: February 5, 2010