COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Boston Municipal Court
Criminal Action
No. 0701 CR 6687

COPY FAXED TO ATTY
JENSON @ FAX #
(508) 358-5309

COMMONWEALTH

v.

SIMON GLIK

ORDER
****************************************************************************

On October 1, 2007, the defendant, Simon Glik, was arrested by the Boston Police and charged with Unlawful Wiretap (M.G.L.c. 272 § 99), Aiding the Escape of a Prisoner from an Officer (M.G.L.c. 268 § 17) and Disturbing the Peace (M.G.L.c. 272 § 53). The defendant is alleged to have used a cellular phone to create an audio and video recording of the police while they were in the process of making an arrest. On that same date an Application for Complaint[1] was submitted to the Clerk of the Boston Municipal Court Central Division accompanied by a police report[2]. In the body of the Application for Complaint was a summary of the allegations in the police report. The defendant filed a timely Motion to Dismiss based upon the case of Commonwealth v. DiBennadetto, 436 Mass. 310 (2002). The defense argues that the documents submitted to the Clerk do not

---

[1] See exhibit number 1

[2] See exhibit number 2

to the Clerk do not support a finding of probable cause that Simon Glik committed the offenses charged.

The Commonwealth and the defense agree that the only documents submitted to the Clerk to support the charges against the defendant were the Application for Complaint and the police report of the incident. The Clerk heard no testimony, did not review any physical evidence, and no audio or video recording was tendered. The Application for Complaint and the police report never indicated that the police reviewed the audio and video content of the cell phone to discern whether a recording was even made.

On the date of the hearing on the Motion to Dismiss the Commonwealth moved to dismiss count two of the complaint against the defendant. The Commonwealth's reasoning, among other things, was that the complaint charging the defendant with Aiding the Escape of a Prisoner from an Officer lacked the necessary probable cause. The Commonwealth argued that the remaining counts in the complaint were supported by probable cause.

### UNLAWFUL WIRETAP (M.G.L.c.272 § 99)

To commit an "interception" under the statute, one must "secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the means of any intercepting device..." M.G.L.c. 272 § 99 (B)(4). Therefore, in order to commit a violation of the statute, the defendant's recording must be both secret and intentional. Commonwealth v. Hyde, 434 Mass 594, 605 n.12 (2001). In this case the recording in question occurred on a public sidewalk, while the defendant was holding his cell phone in such a manner that the officers found obtrusive. There is no indication that the defendant's actions and words were "secret". According to the police report the defendant used the cellular phone in plain view of the officers in order to obtain

the recording. This was not a secret recording and, therefore, not the type of conduct that the Legislature sought to prevent with the wiretap statute. See Commonwealth v. Hyde, supra at 605 ( defendant could have avoided violating the wiretap statute if, prior to recording a police officer's actions during a traffic stop, he held the tape recorder in plain sight of the officer); See also Commonwealth v. Rivera, 445 Mass 119, 134 (2005) (Cowin, J., concurring in part) (making of audiotape was not an "interception" under the wiretap statute because audio recorders were part of video cameras in plain view in a convenience store).

## DISTURBING THE PEACE (M.G.L.c. 272 § 53)

The Massachusetts disturbing the peace statute cannot reach conduct which involves the exercise of a First Amendment right. "The mere making of statements, or expressing of views or opinions, no matter how unpopular, or views with which persons present do not agree, has never been and is not now punishable as a disturbance of the peace under the law of this Commonwealth". Commonwealth v. Jarrett, 359 Mass. 491, 498 (1971).

The allegation against the defendant, alleging disturbing the peace and aiding the escape of a prisoner from the police, is that the defendant, while officers were arresting a person for a drug offense, approached the officers reached out and held a cell phone in plain view and close proximity of the officers for the purpose of recording the arrest. When asked if he was making an audio and video recording the defendant is alleged to have said, "I sure am using audio".[3] The police stated in the police report that the actions of the defendant distracted them during the arrest of the alleged drug offender. The

---

[3] See exhibit 2

Commonwealth concedes that this conduct did not constitute the crime of aiding the escape of a prisoner and moved to dismiss the charge.

The Court does not believe the act of photographing the police in the performance of their duty which caused the officers to become "distracted" is a violation of M.G.L.c. 272 § 53. It seems clear that the officers were unhappy they were being recorded during an arrest. But their discomfort does not make a lawful exercise of a First Amendment right a crime. "We start with the proposition that we would have thought not seriously debatable. Photography is a form of expression which is entitled to First Amendment protection just as the written or spoken word is protected. Photography as a means of communication and expression can be strikingly informative..." Commonwealth v. Douglas Oakes, 401 Mass. 602, 603 (1988). "Freedom of speech, which is protected by the First Amendment from infringement by Congress, is among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action." Chaplinsky v. New Hampshire, 315 U.S. 568, 570-71 (1942); See Nolan v. Krajcik, 384 F.Supp.2d 447, 459 (2005).

The defendant's Motion to Dismiss the charge of Unlawful Wiretap is allowed. The defendant's Motion to Dismiss the charge of Disturbing the Peace is also allowed.

Date: January 31, 2008

Mark H. Summerville
Associate Justice
Boston Municipal Court