UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 WGY

SIMON GLIK,
      Plaintiff

v.

JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON,
      Defendants.

## ANSWER OF DEFENDANT CITY OF BOSTON TO PLAINTIFF'S AMENDED COMPLAINT

### INTRODUCTION

1. The first sentence of paragraph 1 is introductory in nature and does not require an answer from Defendant, City of Boston (hereinafter, "City"). The City denies the allegations contained in this sentence to the extent that they do allege facts or claims which pertain to the City. The City denies the allegations contained in the remainder of paragraph 1 to the extent that they allege facts or claims which pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 1 and therefore neither admits, nor denies these allegations.

2. The City denies the allegations contained within paragraph 2.

### JURISDICTION

3. Paragraph 3 contains only a statement of jurisdiction and does not require an answer from the City.

1

**PARTIES**

    4.    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 4 and therefore neither admits, nor denies these allegations.

    5.    The City admits the allegations contained in paragraph 5.

    6.    The City admits the allegations contained in paragraph 6.

    7.    The City admits the allegations contained within paragraph 7.

    8.    The City admits the allegations contained within paragraph 8.

**FACTS**

    9.    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 and therefore neither admits, nor denies these allegations.

    10.    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 and therefore neither admits, nor denies these allegations.

    11.    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 and therefore neither admits, nor denies these allegations.

    12.    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 and therefore neither admits, nor denies these allegations.

13. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 and therefore neither admits, nor denies these allegations.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 and therefore neither admits, nor denies these allegations.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 15 and therefore neither admits, nor denies these allegations.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16 and therefore neither admits, nor denies these allegations.

17. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 17 and therefore neither admits, nor denies these allegations.

18. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 18 and therefore neither admits, nor denies these allegations.

19. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 19 and therefore neither admits, nor denies these allegations.

20. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 20 and therefore neither admits, nor denies these allegations.

21. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21 and therefore neither admits, nor denies these allegations.

22. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22 and therefore neither admits, nor denies these allegations.

23. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23 and therefore neither admits, nor denies these allegations.

24. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24 and therefore neither admits, nor denies these allegations.

25. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 25 and therefore neither admits, nor denies these allegations.

26. The Paragraph 26 calls for a legal conclusion to which no response by the City is required.

27. Paragraph 27 calls for a legal conclusion to which no response by the City is required.

28. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 28 and therefore neither admits, nor denies these allegations.

29. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 29 and therefore neither admits, nor denies these allegations.

30. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30 and therefore neither admits, nor denies these allegations.

31. The City denies the allegations contained in paragraph 31 to the extent that they allege that Boston Police Officers have arrested people for openly recording audio using cell phones. The City admits that Boston Police Officers have arrested individuals for secretly recording police officers with their cell phones.

32. The City admits the allegations contained within the first sentence of paragraph 32. The City denies the remainder of the allegations contained in paragraph 32.

33. The City admits the allegations contained within the first sentence of paragraph 33. The City denies the remainder of the allegations contained in paragraph 33.

34. The City denies the allegations contained within paragraph 34.

35. The City admits the allegations contained within the first and second sentences of paragraph 35. The City denies the allegation that it has not investigated the incident. The City admits that the arresting officers have not been disciplined at this time.

36. The City denies the allegations contained within the first sentence of paragraph 36. The City denies the allegations contained within the second sentence of paragraph 36, except to

the extent that it admits the Community Ombudsman Oversight Panel (CO-OP), in its 2008 Annual Report, reported the following "observation": "based in large part on comments from various individuals at community meetings and from community leaders, it became clear to the panel that there is a strong perception that citizens do not have easy access to filing complaints in supportive and non-intimidating environments."

37. The City of Boston admits the allegations contained in the first sentence of paragraph 37. The City denies the remainder of the allegations contained in paragraph 37.

38. The City denies the allegations contained within paragraph 38.

39. The City denies the allegations contained within the first sentence of paragraph 39. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 39 and therefore neither admits, nor denies these allegations.

40. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 40 and therefore neither admits, nor denies these allegations.

41. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 41 and therefore neither admits, nor denies these allegations.

**COUNT I**     **42 U.S.C. § 1983 Claim Against Individual Defendants Cunniffe, Savalis and Hall-Brewster**

42. The City hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-41.

43. The City denies the allegations contained within paragraph 43 to the extent that they allege facts or claims which pertain to the City. The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 43 and therefore neither admits, nor denies these allegations.

44.     The City denies the allegations contained within paragraph 44 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 44 and therefore neither admits, nor denies these allegations.

45.     The City denies the allegations contained within paragraph 45 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 45 and therefore neither admits, nor denies these allegations.

**COUNT II**     **Massachusetts Civil Rights Act M.G.L. c. 12, § 11I against Defendants Cunniffe, Savalis, and Hall-Brewster**

46.     The City hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-45.

47.     The City denies the allegations contained within paragraph 47 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 47 and therefore neither admits, nor denies these allegations.

48.     The City denies the allegations contained within paragraph 48 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 48 and therefore neither admits, nor denies these allegations.

49.     The City denies the allegations contained within paragraph 49 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 49 and therefore neither admits, nor denies these allegations.

**COUNT III**    **Massachusetts Tort of Malicious Prosecution against Defendants Cunniffe, Savalis, and Hall-Brewster**

50.    The City hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-49.

51.    The City denies the allegations contained within paragraph 51 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 51 and therefore neither admits, nor denies these allegations.

52.    The City denies the allegations contained within paragraph 52 to the extent that they allege facts or claims which pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 52 and therefore neither admits, nor denies these allegations.

**COUNT IV**    **42 U.S.C. § 1983 Claim Against Defendant City of Boston**

53.    The City hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-52.

54.    The City denies the allegations contained in paragraph 54.

55.    The City denies the allegations contained in paragraph 55.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of the City.

### THIRD AFFIRMATIVE DEFENSE

The City, at all times, acted in good faith upon reasonable belief and that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against the City.

### FIFTH AFFIRMATIVE DEFENSE

The City's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

None of the City's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff. Nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

NINTH AFFIRMATIVE DEFENSE

There is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of Plaintiff's constitutional rights.

TENTH AFFIRMATIVE DEFENSE

The rights which the Plaintiff claims have been violated are not well-settled.

**DEMAND FOR JURY TRIAL**

Defendant, City of Boston hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By his attorneys:

/s/ Ian D. Prior
Ian D. Prior, BBO # 655704
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4017

Date: July 8, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2010, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Ian D. Prior
Ian D. Prior