**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 10-10150 LTS**

**SIMON GLIK,**
**Plaintiff**

**v.**

**JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON,**
**Defendants.**

**ANSWER OF DEFENDANT JEROME HALL-BREWSTER TO PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

1. The first sentence of paragraph 1 is introductory in nature and does not require an answer from Defendant, Jerome Hall-Brewster (hereinafter, "Hall-Brewster"). Hall-Brewster denies the allegations contained in this sentence to the extent that they do allege facts or claims which pertain to him. Hall-Brewster further denies that Simon Glik (hereinafter, "Plaintiff") was openly recording police activity. Hall-Brewster admits the allegations contained in the second, third, and fourth sentences of paragraph 1. Hall-Brewster states that the fifth and sixth sentences of paragraph 1 are a conclusion of law to which no response is required. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the seventh sentence of paragraph 1 and therefore neither admits, nor denies these allegations.

2. Hall-Brewster denies the allegations contained in paragraph 2 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained within paragraph 2 and therefore neither admits, nor denies these allegations.

**JURISDICTION**

3. Paragraph 3 contains only a statement of jurisdiction and does not require an answer from Hall-Brewster.

**PARTIES**

4. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 4 and therefore neither admits, nor denies these allegations.

5. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 5 and therefore neither admits, nor denies these allegations.

6. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6 and therefore neither admits, nor denies these allegations.

7. Hall-Brewster admits the allegations contained in the first sentence of paragraph 7. The second sentence of paragraph 6 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer. To the extent that paragraph 7 contains allegations of fact, Hall-Brewster admits the facts alleged to the extent that he was employed by the Boston Police Department on October 1, 2007. The third sentence of paragraph 7 contains no factual allegations and therefore, does not require an answer from Hall-Brewster.

8. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 8 and therefore neither admits, nor denies these allegations.

**FACTS**

9. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 and therefore neither admits, nor denies these allegations.

10. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 and therefore neither admits, nor denies these allegations.

11. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 and therefore neither admits, nor denies these allegations.

12. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 and therefore neither admits, nor denies these allegations.

13. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 and therefore neither admits, nor denies these allegations.

14. Hall-Brewster denies that Plaintiff recorded the incident from approximately ten feet away. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within paragraph 14 and therefore neither admits, nor denies these allegations.

15. Hall-Brewster is without sufficient information to admit or deny the allegation that the Plaintiff did not speak to the officers until the suspect was in handcuffs. Hall-Brewster denies the allegation that the officers did not speak to the Plaintiff until the suspect was in handcuffs.

16. Hall-Brewster denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Hall-Brewster denies the allegations contained in paragraph 17 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 17 and therefore neither admits, nor denies these allegations.

18. Admitted.

19. Admitted.

20. Hall-Brewster denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 calls for a legal conclusion to which no response by Hall-Brewster is required.

22. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22 and therefore neither admits, nor denies these allegations.

23. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23 and therefore neither admits, nor denies these allegations.

24. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24 and therefore neither admits, nor denies these allegations. The portion of paragraph 24 that states that his cell phone and flash drive were unlawfully held as evidence calls for a legal conclusion to which no response by Hall-Brewster is required.

25. Admitted.

26. Paragraph 26 calls for a legal conclusion to which no response by Hall-Brewster is required.

27. Paragraph 27 calls for a legal conclusion to which no response by Hall-Brewster is required.

28. Paragraph 28 calls for a legal conclusion to which no response by Hall-Brewster is required.

29. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 29 and therefore neither admits, nor denies these allegations.

30. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30 and therefore neither admits, nor denies these allegations.

31. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 31 and therefore neither admits, nor denies these allegations.

32. Hall-Brewster denies the allegations contained in paragraph 32 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 32 and therefore neither admits, nor denies these allegations.

33. Hall-Brewster denies the allegations contained in paragraph 33 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 33 and therefore neither admits, nor denies these allegations.

34. Hall-Brewster denies the allegations contained in paragraph 34 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 34 and therefore neither admits, nor denies these allegations.

35. Hall-Brewster admits that he has not been disciplined for the actions that Plaintiff has alleged. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within paragraph 35 and therefore neither admits, nor denies these allegations.

36. Hall-Brewster denies the allegations contained in paragraph 36 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

37. Hall-Brewster denies the allegations contained in paragraph 37 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 37 and therefore neither admits, nor denies these allegations.

38. Denied.

39. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 39 and therefore neither admits, nor denies these allegations.

40. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 40 and therefore neither admits, nor denies these allegations.

41. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 41 and therefore neither admits, nor denies these allegations.

**COUNT I 42 U.S.C. § 1983 Claim Against Individual Defendants Cunniffe, Savalis and Hall-Brewster**

42. Hall-Brewster hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-41.

43. Hall-Brewster denies that he was involved in the arrest of Plaintiff.

44. Hall-Brewster denies the allegations contained in paragraph 44.

45. Hall-Brewster denies the allegations contained in paragraph 45.

**COUNT II Massachusetts Civil Rights Act M.G.L. c. 12, § 11I against Defendants Cunniffe, Savalis, and Hall-Brewster**

46. Hall-Brewster hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-45.

47. Hall-Brewster denies the allegations contained in paragraph 47.

48. Hall-Brewster denies the allegations contained in paragraph 48.

49. Hall-Brewster denies the allegations contained in paragraph 49.

**COUNT III Massachusetts Tort of Malicious Prosecution against Defendants Cunniffe, Savalis, and Hall-Brewster**

50. Hall-Brewster hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-49.

51. Hall-Brewster denies the allegations contained in paragraph 51.

52. Hall-Brewster denies the allegations contained in paragraph 52.

**COUNT IV 42 U.S.C. § 1983 Claim Against Defendant City of Boston**

53. Hall-Brewster hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-52.

54. Hall-Brewster denies the allegations contained in paragraph 54 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 54 and therefore neither admits, nor denies these allegations.

55. Hall-Brewster denies the allegations contained in paragraph 55 to the extent that they allege facts or claims which pertain to him. Hall-Brewster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 55 and therefore neither admits, nor denies these allegations.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of Hall-Brewster.

THIRD AFFIRMATIVE DEFENSE

Hall-Brewster, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against Hall-Brewster.

FIFTH AFFIRMATIVE DEFENSE

Hall-Brewster's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

SIXTH AFFIRMATIVE DEFENSE

Hall-Brewster is immune from suit as he was engaging in discretionary functions.

SEVENTH AFFIRMATIVE DEFENSE

None of Hall-Brewster's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff. Nor were these alleged injuries or damages caused by any person or entity within Hall-Brewster's responsibility or control.

EIGHTH AFFIRMATIVE DEFENSE

Hall-Brewster is immune from suit because its actions are protected by the doctrine of qualified immunity.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

**DEMAND FOR JURY TRIAL**

Defendant, Jerome Hall-Brewster hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT,
JEROME HALL-BREWSTER

William F. Sinnott
Corporation Counsel

By his attorneys:

/s/ Ian D. Prior
Ian D. Prior, BBO # 655704
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4017

Date: July 8, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2010, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Ian D. Prior
Ian D. Prior