```
                     UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                          Civil Action
                                          No. 10-10150-WGY


  * * * * * * * * * * * * *
  SIMON GLIK,              *
                           *
           Plaintiff,      *
                           *
  v.                       *    MOTION HEARING
                           *
  JOHN CUNNIFFE, et al.,   *
                           *
           Defendants..    *
  * * * * * * * * * * * * *


             BEFORE:  The Honorable William G. Young,
                             District Judge


  APPEARANCES:

             LAW OFFICES OF HOWARD FRIEDMAN, P.C.
       (By David Milton, Esq. and Howard Friedman, Esq.)
       90 Canal Street, 5th Floor, Boston, Massachusetts
       02114-2022
             - and -
             SARAH R. WUNSCH, ESQ., American Civil
       Liberties Union of Massachusetts, 211 Congress
       Street, 3rd Floor, Boston, Massachusetts 02110,
       on behalf of the Plaintiff

             CITY OF BOSTON LAW DEPARTMENT (By Lisa A.
       Skehill and Ian D. Prior, Assistant Corporation
       Counsel), One City Hall Plaza, Room 615, Boston,
       Massachusetts 02201, on behalf of the Defendants


                                          1 Courthouse Way
                                          Boston, Massachusetts

                                          June 8, 2010
```

1    **THE CLERK:** Calling Civil Action 10-10150, Glik v.
2    Boston.
3    　　　　**THE COURT:** Would counsel identify themselves.
4    　　　　**MR. MILTON:** David Milton, Law Offices of Howard
5    Friedman, for the plaintiff.
6    　　　　**MR. FRIEDMAN:** Howard Friedman for the plaintiff.
7    　　　　**MS. WUNSCH:** Sarah Wunsch for the plaintiff.
8    　　　　**MS. SKEHILL:** Lisa Skehill for the City of Boston,
9    John Cunniffe, Jerome Hall-Brewster, and Peter Savalis.
10   　　　　**MR. PRIOR:** Your Honor, Ian Prior for the
11   defendants.
12   　　　　**THE COURT:** All right. This is a motion to
13   dismiss. I think where you come closest is on qualified
14   immunity because their allegations, I have to take these
15   allegations as true.
16   　　　　**MS. SKEHILL:** Taking --
17   　　　　**THE COURT:** Go ahead.
18   　　　　**MS. SKEHILL:** Taking the plaintiff's allegations as
19   true, your Honor --
20   　　　　**THE COURT:** Which I have to do.
21   　　　　**MS. SKEHILL:** -- I think it shows, it demonstrates
22   that the plaintiff has no reasonable expectation to prove
23   that he was deprived of a constitutional right here. Under
24   Commonwealth v. Jackson, an SJC decision, it stated that
25   nonsecret recordings, the only way that they can be

nonsecret is if the person being recorded has actual knowledge.

Now, I stumbled upon this case last night and there's nothing that the plaintiff has pled in his complaint or that we believe that he would be able to prove that any of the people that he recorded had actual knowledge.

**THE COURT:** Well, they arrested him thinking that they were being recorded.

**MS. SKEHILL:** After a period of recording without their actual knowledge. Once he admitted that he was in fact recording them he admitted that he had violated the anti-wiretapping statute. But prior to that they had no actual knowledge whatsoever that he was recording them as the facts in the complaint state as such.

**THE COURT:** All right. Now, suppose they get by that. We'll just assume they get by that. What do you say to qualified immunity?

**MS. SKEHILL:** At the very least the defendants are entitled to qualified immunity because there is no clearly established right to openly record individuals without either their consent or actual knowledge.

**THE COURT:** Well, isn't that established here in the First Circuit?

**MS. SKEHILL:** I don't believe so.

**THE COURT:** There may be some --

1  **MS. SKEHILL:** To openly record? No, I don't
2  believe it characterizes openly record. In fact, the First
3  Circuit just upheld a decision of the district court, Gouin
4  v. Gouin, in 2005 that awarded the City of Boston damages in
5  which a civil rights plaintiff tape recorded the officers
6  while they were arresting him with a mini-handheld tape
7  recorder that was held out in the open. They thought
8  initially that it was a cell phone and did not realize that
9  it was a tape recorder until they got back to the booking
10 station, and they were awarded damages because they did not
11 know at the time that there was recording going on. So, the
12 defendants were awarded damages on their counterclaim and
13 that decision was upheld by the First Circuit in 2007.
14 **THE COURT:** All right, let's hear from the
15 plaintiffs. What do you say to that?
16 **MR. MILTON:** The First Circuit's opinion of Gouin
17 v. Gouin was not cited in the defendants' brief, nor in any
18 event is it apposite. The cases that we cite, there's a
19 laundry list of cases including First Circuit and District
20 of Massachusetts, Massachusetts cases upholding a First
21 Amendment right to record matters of public concern in a
22 public place where you have the right to be in as long as
23 you're doing so unobtrusively and in a nondisruptive manner.
24 So I think that --
25 **THE COURT:** So in effect, in effect, I have to

| | |
|---|---|
| 1 | declare the state statute unconstitutional as applied? |
| 2 | **MR. MILTON:** No, your Honor, because the state |
| 3 | statute does not apply. And that -- |
| 4 | **THE COURT:** And why not? |
| 5 | **MR. MILTON:** And that is crystal clear from the |
| 6 | Commonwealth v. Hyde decision which held that the state |
| 7 | statute reaches secret recording of police officers, but in |
| 8 | explaining that holding the SJC said the outcome would have |
| 9 | been different and there would not have been a violation of |
| 10 | the statute had Michael Hyde held the recording device in |
| 11 | plain sight. Had he done so, the SJC said, the recording |
| 12 | would not have been secret. And Simon Glik did exactly what |
| 13 | the SJC had ruled six years earlier was permitted, he held |
| 14 | his recording device in plain sight. And he did not -- |
| 15 | nothing he did was secret. |
| 16 | And if I can address the issue of actual knowledge. |
| 17 | The SJC has made clear both in Hyde and in the Rivera case |
| 18 | from 2005 that actual knowledge can be -- actual knowledge |
| 19 | is not the standard. The standard is whether or not the |
| 20 | recording is done secretly. In the Rivera case four |
| 21 | justices of the SJC said that a surveillance camera in a |
| 22 | convenience store that is recording audio and video is not a |
| 23 | violation of the wiretap statute regardless of whether the, |
| 24 | in this case the gun robber holding up a convenience store |
| 25 | is aware, regardless of whether he has actual knowledge, |

1  that this video camera in plain sight is recording him.
2          **THE COURT:** Let me ask counsel for the city. Have
3  you got this case that's not in your brief?
4          **MS. SKEHILL:** I'm sorry, the Commonwealth v.
5  Jackson case? Yes.
6          **THE COURT:** Well, that and the other --
7          **MS. SKEHILL:** The Gouin v. Gouin case. I have them
8  both.
9          **THE COURT:** The Gouin case. May I see them.
10         **MS. SKEHILL:** Yes.
11         (Pause in proceedings.)
12         **THE COURT:** Well, this Gouin case is simply the
13 orders of the magistrate judge, it doesn't give you the
14 factual recitation. Where is --
15         **MS. SKEHILL:** I gave you a copy of the motion for
16 summary judgment.
17         **THE COURT:** Yes. Where is the --
18         **MS. SKEHILL:** I have the First Circuit docket.
19         **THE COURT:** The First Circuit docket?
20         **MS. SKEHILL:** Upholding the decision of the
21 magistrate judge's allowance of the defendant's motion for
22 summary judgment.
23         **MR. MILTON:** Neither of these were cited in the
24 brief and we would like a copy.
25         **THE COURT:** I understand that but I -- well, I have

no way to reason from these cases, or from Gouin anyway, because I have no, I have no framework.

**MS. SKEHILL:** I apologize, your Honor. I just discovered them yesterday.

**THE COURT:** Oh, I appreciate that. I appreciate that.

It seems to me at least with respect to a motion to dismiss that the plaintiff has the better of it here. And it also seems to me that in the First Circuit, not nationwide, in the First Circuit this right, this First Amendment right publicly to record the activities of police officers on public business is established.

**MS. SKEHILL:** Your Honor, if I may, the cases cited by the plaintiff are narrowly stated as videotaping or photographing. There's nothing that has been expanded to say that there's established First Amendment right to record the oral communications of others.

Now, his cite to Commonwealth v. Hyde, when the SJC says that he could have held it out in plain sight, I think what they were trying to say is holding it out in plain sight when police officers are looking into a car and there's just one person sitting in the driver's seat and he holds out a tape recorder, it would have given them actual knowledge that they were being taped.

**THE COURT:** I don't think actual knowledge is --

```
1    they're presumed to know if someone is holding the device
2    out.  The motion to dismiss is denied.
3           Now, we need to figure out when the case is going
4    to go to trial, and I'll give you two weeks to file a joint
5    proposed case management schedule.
6           When do you want to go to trial?  Plaintiff?
7           MR. MILTON:  One year.
8           THE COURT:  That will take us to June 2011.
9    Satisfactory to the city?
10          MS. SKEHILL:  Yes, your Honor.
11          THE COURT:  All right.  It's on the running trial
12   list, June 2011, and two weeks to file a joint proposed case
13   management schedule.
14          MR. MILTON:  Thank you, your Honor.
15          THE COURT:  That's the order.
16          (Whereupon the matter concluded.)
17
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

I, Donald E. Womack, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ DONALD E. WOMACK 8-10-2010
_____
DONALD E. WOMACK
Official Court Reporter
P.O. Box 51062
Boston, Massachusetts 02205-1062
womack@megatran.com