UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON GLIK,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN CUNNIFFE, PETER J. SAVALIS and<br>JEROME HALL-BREWSTER, in their individual<br>capacities, and the CITY OF BOSTON,<br><br>   Defendants. | Civil Action No. 1:10-cv-10150-LTS |

### PLAINTIFF'S MOTION TO REQUIRE PRODUCTION OF POLICE REPORTS

Plaintiff moves this Court for an order requiring that the defendant City of Boston produce (1) the incident reports of each instance since July 1, 2001, in which the suspect was charged with violation of the Massachusetts wiretap statute, M.G.L.ch. 272, § 99, and (2) the incident reports and other documents related to the arrest, booking, and prosecution of Lino Cook. All materials would be produced subject to the protective order already in place. Defendant would be permitted to redact Social Security Numbers from the reports but not the names and contact information of witnesses and suspects, or the names of any police officers. Defendants do not oppose this motion.

The parties agree that the reports are relevant. Plaintiff was arrested and charged under the wiretap statute for recording Boston police officers making an arrest on Boston Common. Plaintiff alleges that the City of Boston had a policy or custom of failing to train officers that they cannot arrest people for openly recording their conduct in public, and that the City failed to

supervise or discipline officers to assure that they did not make unlawful arrests under the statute.

Lino Cook was the individual whose arrest Plaintiff recorded on his cell phone. Among other things, Plaintiff was charged with "aiding an escape" of Mr. Cook and with disorderly conduct for interfering with Mr. Cook's arrest as Mr. Cook was struggling. Materials related to Mr. Cook's arrest directly pertain to the events at issue in this lawsuit.

The defendant is concerned that producing these documents could violate CORI, the Criminal Offender Record Information Act, M.G.L. c.6, §167, et seq. This statute generally prohibits the disclosure of criminal offender record information. The statute's objective is to provide individuals with protection against invasion of their privacy, and in cases of conviction, to promote the public's interest in rehabilitation. *New Bedford Standard Times Publishing Co., v. Clerk of the Third District Court*, 377 Mass. 404, 414 (1979).

It is Plaintiff's position that many if not all of the requested materials may fall within exceptions to the CORI law, and that the state CORI statute does not control the scope of discovery in federal civil rights litigation. Further, the protective order addresses any privacy concerns.

The parties agree that the statute does not preclude this Court from ordering the disclosure of documents that contain CORI. Regulations promulgated by the Criminal History Systems Board specifically provide that an agency may disseminate "CORI pursuant to a valid subpoena or summons issued by a court or a body or person authorized by law to issue such process." 803 CMR 2.04(10).

**WHEREFORE**, Plaintiff moves this Court to order that Defendants produce the incident reports of each instance since July 1, 2001, in which the suspect was charged with violation of the Massachusetts wiretap statute, M.G.L.ch. 272, § 99.

RESPECTFULLY SUBMITTED,
For the plaintiffs,

/s/ David Milton
Howard Friedman, BBO #180080
David Milton, BBO #668908
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, Fifth floor
Boston, MA 02114-2022
617-742-4100
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com


/s/ Sarah Wunsch
Sarah Wunsch, BBO # 548767
**American Civil Liberties Union of MA**
211 Congress Street, 3rd floor
Boston, MA 02110
(617) 482-3170, ext. 323
swunsch@aclum.org


**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the
above document to be served upon the attorney of record
for all parties by mail and e-mail.


Date: October 26, 2010     /s/ David Milton
                           David Milton

**CERTIFICATE PURSUANT TO LOCAL RULES 7.1**

I certify that prior to filing this motion, Plaintiff's counsel conferred with counsel for all Defendants in a good faith effort to resolve the issues raised herein, and that defendants will not oppose this motion.

Date: October 26, 2010    /s/ David Milton
                          David Milton