UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 LTS

SIMON GLIK,
      Plaintiff

v.

JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON,
      Defendants.

## DEFENDANT, CITY OF BOSTON, RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF BOSTON

### REQUESTS

1. All documents related to the October 1, 2007 arrest and booking, and later prosecution, of Plaintiff including but not limited to:

    a. All police incident reports;
    b. All booking materials;
    c. All documents related to the application for a criminal complaint;
    d. All documents relating to radio calls or telephone calls including transcripts and recordings;
    e. All documents relating to any statements by Plaintiff, by any civilian witness, or by any police officer;
    f. All correspondence including all e-mail, text messages, or other electronic communications;
    g. To the extent not specifically described above, any other logs, notebooks, correspondence, memoranda, documents, activity sheets, and transcripts, including any electronically-stored information, pertaining to Plaintiff's arrest, booking, transport, and prosecution.

**RESPONSE:** The Defendant, City of Boston (the "City"), objects to Request No. 1 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers. The Defendant further objects on the grounds that the request is overly broad, vague, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

2. All documents related to the seizure of Plaintiff's cell phone and flash drive, including but not limited to inventory logs or any other records regarding the custody and handling of these items.

**RESPONSE:** The City objects to Request No. 2 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers.

3. All documents related to the arrest, booking, and prosecution of Lino Cook on October 1, 2007, including but not limited to all documents described in items (a)-(g) of Request No. 1, above.

**RESPONSE:** The City objects to Request No. 3 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers.

4. All videotapes, audiotapes, photographs, diagrams, and/or other such records or depictions of any party, witness, or object related to this incident. Please produce photographs in color. Under Rule 34(b)(1)(c), Plaintiff requests that the photographs be produced electronically in JPEG format on a disk.

**RESPONSE:** The City objects to Request No. 4 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers.

5. All materials related to Plaintiff's internal affairs complaint, including but not limited to:

    a. Recordings and any transcripts from interviews conducted with involved officers, the Plaintiff, and any other witnesses;
    b. All investigative reports or summaries;
    c. All documents gathered or created during the investigation, including any notes taken by any investigator or other officer;
    d. All documents related to the disposition of the investigation;
    e. All other written or electronic communications regarding the incident, investigation, or disposition of Plaintiff's complaint.

**RESPONSE:** The City objects to Request No. 5 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers.

   Without waiving the foregoing objection, the City states that the internal affairs investigation is ongoing and once it has concluded the City will supplement this response accordingly.

6.  All materials related to any civilian complaint, internal affairs investigation, demand letter pursuant to Mass. Gen. Laws ch. 258, or lawsuit containing any allegation that the Boston Police interfered with a civilian's photography, video recording, or sound recording, including but not limited to any allegation that the Boston Police arrested or threatened to arrest a civilian for videotaping, audiotaping, photographing, or otherwise making an audio and/or visual recording, since July 1, 2001.

**RESPONSE:** The City objects to request No. 6. As grounds, the Defendant states that this request is overly broad, unduly burdensome, and seeks information or documents which are not relevant to the subject matter of this action and/or are not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City of Boston does not have the capability to search for "any allegation that the Boston Police interfered with a civilian's photography, video recording, or sound recording" or "any allegation that the Boston Police * * * threatened to arrest a civilian for videotaping, audiotaping, photographing, or otherwise making an audio and/ or visual recording, since July 1, 2001."

   Without waiving the foregoing objection, the Defendant states that it is currently searching for documents in response to the portion of this request that seeks "any allegation that the Boston police arrested * * * a civilian for videotaping, audiotaping, photographing, or otherwise making an audio and/.or visual recording, since July 1, 2001," and will supplement this response accordingly.

7.  All written policies, practices, or procedures relating to the enforcement of the wiretapping statute, Mass. Gen. Laws ch. 272 §99. Please include the both the current and all prior versions of all such policies, practices, and procedures.

**RESPONSE:** The City objects on the grounds that the Request is overly broad, vague, and not likely to lead to the discovery of admissible evidence.

   Without waiving the foregoing objection, please see documents attached as Bates 1 - 2. The City also states that it is currently searching for more documents in response to this request and will supplement accordingly.

8.  All documents related to any training conducted concerning the wiretapping statute, Mass. Gen. Laws ch. 272 §99. This should include any documentation of dates, attendees, and the substance of any such training, and any written or electronic materials distributed at training.

3

**RESPONSE:** The City objects on the grounds that the Request is overly broad, vague, and not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objection, please see documents attached as Bates 1 - 2.

9.  All written policies, practices, procedures, and training materials relating to civilian photography, video recording, and sound recording from July 1, 2001 to the present, including but not limited to any policies, practices, procedures, and training materials on the First Amendment implications thereof. This request further includes but is not limited to all policies, practices, procedures, and training materials concerning civilian photography, video recording, or sound recording of the police. Please include both the current and all prior versions of all such policies, practices, procedures, and training materials.

**RESPONSE:** The City objects on the grounds that the Request is overly broad, vague, and not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objection, please see documents attached as Bates 1-12.

10. The complete personnel and internal affairs files of Officers John Cunniffe, Peter J. Savalis, and Jerome Hall-Brewster. Please include all documents related to allegations of a violation of civilian's rights or any other alleged misconduct. This should include documents related to internal investigations, city council investigations, administrative actions, disciplinary actions, civilian complaints, or demand letters sent pursuant to M.G.L. ch. 258.

**RESPONSE:** The City objects to Request No. 10 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence concerning the Plaintiff's claims against the City. Without waiving said objections, other than the immediate action, there have been no lawsuits, internal investigations, city council investigations, administrative actions, disciplinary actions, civilian complaints, or demand letters sent pursuant to M.G.L. ch. 258 against Sergeant Cunniffe, Officer Savalis, and Officer Jerome Hall-Brewster for interfering with an individuals attempt to record police activity.

11. For each arrest by the Boston Police since July 1, 2001, in which the suspect was charged with violation of the wiretap statute, regardless of whether such charge was the sole or primary charge, please provide the following data in Excel format:

    a.  The name of the individual arrested;
    b.  The date of the arrest;
    c.  The location of the arrest;
    d.  The arrest number;
    e.  The criminal case number;
    f.  The disposition of the criminal case.

**RESPONSE:** The City objects to Request No. 11 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendant

further objects on the grounds that the documents requested in 11(e) and 11(f) are equally accessible to the Plaintiff and are not within the possession, custody, and/ or control of the City of Boston.

Without waiving said objections, please see the document attached as Bates 13, in response to Requests 11(a) – 11(d).

12. All documents identified in the City's responses to Plaintiff's First Set of Interrogatories to Defendant City of Boston.

**RESPONSE:** The City directs the Plaintiff to documents attached as Bates 1 - 13.

DEFENDANT, CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By its attorney:

*/s/ Lisa Skehill Maki*
Lisa Skehill Maki, BBO # 675344
Ian D. Prior, BBO # 655704
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4017 (Prior)

Date: October 14, 2010

---

### CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, hereby certify that on October 14, 2010, I served a copy of the foregoing document and attachments in had upon all counsel of record.

*/s/ Lisa Skehill Maki*
Lisa Skehill Maki

5