UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 LTS

SIMON GLIK,
    Plaintiff

v.

JOHN CUNNIFFE, PETER J. SAVALIS
and JEROME HALL-BREWSTER, in their
individual capacities, and the CITY OF
BOSTON,
    Defendants.

## DEFENDANT, CITY OF BOSTON, FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF BOSTON

### REQUESTS

1. All documents related to the October 1, 2007 arrest and booking, and later prosecution, of Plaintiff including but not limited to:

   a. All police incident reports;
   b. All booking materials;
   c. All documents related to the application for a criminal complaint;
   d. All documents relating to radio calls or telephone calls including transcripts and recordings;
   e. All documents relating to any statements by Plaintiff, by any civilian witness, or by any police officer;
   f. All correspondence including all e-mail, text messages, or other electronic communications;
   g. To the extent not specifically described above, any other logs, notebooks, correspondence, memoranda, documents, activity sheets, and transcripts, including any electronically-stored information, pertaining to Plaintiff's arrest, booking, transport, and prosecution.

**RESPONSE:** The Defendant, City of Boston (the "City"), objects to Request Nos. 1(a), (b), (c), (e), and (g) on the grounds that it seeks information that is already in the custody, possession and control of the Plaintiff. Other than the documents requested by Request Nos. 1(a), (b), (c), and (e), which are already in the Plaintiff's custody, possession and control, the City has not withheld any documents specific to those requests.

With respect to Request No.1(d), the City directs the Plaintiff's attention to the attached CAD sheet (P26) and the accompanying audiotapes (P30 and P31). The City has not withheld any documents that are responsive to Request No. 1(d).

The City objects to Request No. 1(f) as it is overly broad, unduly burdensome and protected by attorney-client privilege. Notwithstanding said objection, other than emails protected by the attorney-client privilege, there are no emails, text messages, or other electronic communications sent or received by Officer Savalis, Officer Hall-Brewster, or Sergeant Cunniffe which are responsive to Request No. 1(f).

2. All documents related to the seizure of Plaintiff's cell phone and flash drive, including but not limited to inventory logs or any other records regarding the custody and handling of these items.

**RESPONSE:** The City directs the Plaintiff's attention to the attached documents (P27-P29). The City further represents that it has not withheld any responsive documents.

3. All documents related to the arrest, booking, and prosecution of Lino Cook on October 1, 2007, including but not limited to all documents described in items (a)-(g) of Request No. 1, above.

**RESPONSE:** The City objects to Request No. 3 on the grounds that it seeks information that is not reasonably calculated to lead to admissible evidence. Additionally, the City objects on the basis that the Plaintiff is already in possession, custody, and control of the requested documents with the exception of the CAD sheet, which is hereby produced (P25) and Booking Form, which will be produced if the Court grants the Plaintiff's October 26, 2010 Motion to Compel.

With the exception of the Booking Form and the documents which are already in the custody, possession and control of the Plaintiff, the only documents that the City has withheld related to Lino Cook's arrest is the evidence control form and chain of custody report, which documents are not reasonably likely to lead to admissible evidence for the Plaintiff's claims.

4. All videotapes, audiotapes, photographs, diagrams, and/or other such records or depictions of any party, witness, or object related to this incident. Please produce photographs in color. Under Rule 34(b)(1)(c), Plaintiff requests that the photographs be produced electronically in JPEG format on a disk.

**RESPONSE:** The City objects to Request No. 4 on the grounds that it seeks information that solely concerns the Plaintiff's claims against the individual police officers, which is currently on appeal and is subject to the First Circuit Court of Appeals Order staying discovery pending the resolution of the appeal of those individual officers.

Notwithstanding said objections, the City directs the Plaintiff's attention to the attached

2

audiotapes (P30 and P31).

The City further represents that the only responsive document that it is withholding is a CD of the Plaintiff's phone recording, which was provided to the City by the Plaintiff and is thus already within their custody, possession and control.

5. All materials related to Plaintiff's internal affairs complaint, including but not limited to:

   a. Recordings and any transcripts from interviews conducted with involved officers, the Plaintiff, and any other witnesses;
   b. All investigative reports or summaries;
   c. All documents gathered or created during the investigation, including any notes taken by any investigator or other officer;
   d. All documents related to the disposition of the investigation;
   e. All other written or electronic communications regarding the incident, investigation, or disposition of Plaintiff's complaint.

**RESPONSE:** The City objects on the grounds that Request No. 5 calls for information and documents that are subject to the City's investigatory privilege. Specifically, the City states that the IAD investigation is ongoing and turning over the requested information to the Plaintiff prior to completion of the investigation, including his own interview, would compromise the City's ability to properly carry out its law enforcement function.

11. For each arrest by the Boston Police since July 1, 2001, in which the suspect was charged with violation of the wiretap statute, regardless of whether such charge was the sole or primary charge, please provide the following data in Excel format:

   a. The name of the individual arrested;
   b. The date of the arrest;
   c. The location of the arrest;
   d. The arrest number;
   e. The criminal case number;
   f. The disposition of the criminal case.

**RESPONSE:** The City objects to Request No. 11 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects on the grounds that the documents requested in 11(e) and 11(f) are equally accessible to the Plaintiff and are not within the possession, custody, and/ or control of the City of Boston. Additionally, the City objects on the basis that such information contains criminal record information which is protected from disclosure by Massachusetts state law.

Notwithstanding said objections, the City will produce the requested documents provided that the Court allows the Plaintiff's October 26, 2010 Motion to Compel.

DEFENDANT, CITY OF BOSTON

William F. Sinnott
Corporation Counsel

By its attorney:

/s/ Ian D. Prior

Ian D. Prior, BBO # 655704
Lisa Skehill Maki, BBO # 675344
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4017 (Prior)
(617) 635-4022 (Maki)

Date: November 9, 2010

CERTIFICATE OF SERVICE

I, Ian Prior, hereby certify that on November 9, 2010, I served a copy of the foregoing document and attachments upon all counsel of record.

_____
Ian D. Prior