UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 LTS

SIMON GLIK,
          Plaintiff

v.

JOHN CUNNIFFE, PETER J. SAVALIS and
JEROME HALL-BREWSTER, in their
individual capacities, and the CITY OF
BOSTON,
          Defendants.

**DEFENDANT CITY OF BOSTON'S AMENDED OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## I.    INTRODUCTION

This case involves an allegation that Officers John Cuniffe, Peter Savalis, and Jerome Hall-Brewster violated the Plaintiff's constitutional rights by arresting him for making an audio/visual recording of the officers while arresting a criminal suspect. The Plaintiff brought this 42 U.S.C. § 1983 action against the individual officers and the City of Boston (the "City") (collectively the "Defendants"). The Defendants moved to dismiss the entire case, and that motion was denied. The officers appealed to the First Circuit Court of Appeals, and that Court stayed the District Court action against the officers pending the decision on appeal.

The Appeals Court did not stay, however, the case against the City. Nevertheless, the viability of the Plaintiff's claim against the City depends on the Appeals Court's ruling on the individual liability claims. Notwithstanding that fact, the Plaintiff has served discovery on the City, including taking two Rule 30(b)(6) depositions for the sole

1

purpose of "checking the City's work" in its responses to interrogatories and requests for production of documents. The Plaintiff has now brought a Motion to Compel to have the Court order that the City produce its internal affairs file for the investigation into the Plaintiff's internal affairs complaint. The City is more than willing to turn this over when the investigation is completed. At this point, however, the investigation is unlikely to be finished until January or February. As stated below, the City should not be required to produce that file until then because it is protected by the investigatory privilege.

**II. THE CITY OBJECTS TO TURNING OVER THE IAD INVESTIGATION FILE ON THE BASIS OF INVESTIGATORY PRIVILEGE**

The City maintains that the Plaintiff is not entitled to the complete Internal Affairs files of open Internal Affairs investigations. Specifically, the City relies on its investigatory privilege, which protects government bodies from disclosures that "may reveal information about [] investigative techniques that could, in turn, compromise its public interest in effective law enforcement." See Bliss v. Fisher, No. 10-10252-EFH, WL 4125805 (D.Mass., October 21, 2010) (citing Roviaro v. United State, 353 U.S. 53, 59-60 (1957); Puerto Rico v. United States, 490 F.3d 50, 62-64 (1st Cir.2007); United States v. Cintolo,818 F.2d 980, 983-84 (1st Cir.1987)).

While it is true, as the Plaintiff argues, that the investigatory privilege is not an absolute one and should be applied on a case-by-case basis, the information sought under the immediate circumstances is of the kind in which the privilege certainly should prohibit disclosure. The purpose of an internal affairs investigation is to investigate allegations of wrongful conduct by individual police officers. It should be obvious that such an investigation would be severely compromised if the subject officers are given the

entire investigatory file prior to the investigation being closed and a decision being made on whether there is wrongdoing. The subject officer would then be able to see witness names and addresses, witness statements, notes and drafts of the investigator, and the investigator's recommendation – all before the inquiry is complete.

In this case, there are three individual defendants in addition to the City. Because any open investigatory files that the City produces must be served upon all parties, including the co-defendant officers, there exists the very significant possibility that those investigations could be compromised by providing the files to the subjects of the investigation. This is exactly what the investigatory privilege is designed to protect against.

Further, a "carefully crafted protective order" does not eliminate this risk – all parties are entitled to receive discovery and any protective order to the contrary would prejudice the party not entitled to receive the discovery. Consequently, the Court should not order the City to produce the open internal affairs files of the individual Defendants until those investigations are complete.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON,

William F. Sinnott,
Corporation Counsel

By their attorneys,


<u>/s/ Ian D. Prior</u>
Ian D. Prior, BBO # 655704
Lisa S. Maki, BBO # 675344
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4017 (Prior)
(617) 635-4022 (Skehill)


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.



<u>12/21/10</u>      <u>/s/Ian D. Prior</u>
Date            Ian D. Prior

4