UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON GLIK,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN CUNNIFFE, PETER J. SAVALIS and<br>JEROME HALL-BREWSTER, in their individual<br>capacities, and the CITY OF BOSTON,<br><br>    Defendants. | Civil Action No. 1:10-cv-10150-LTS |

## PLAINTIFF'S REPLY

Plaintiff submits three points in reply:

1.    Defendant City of Boston makes no real attempt to meet its burden of showing that the complete IAD file, or any part of it, is privileged. The boilerplate assertions of counsel that disclosure will compromise an investigation merit no weight. Plaintiff filed an internal affairs complaint three years ago. The facts are well-known and mostly undisputed and every "subject officer" has already been interviewed. Given the delays to date and the absence of competent evidence from a police department official concerning the status of the investigation, there is also no reason to believe the alleged investigation will conclude any time soon. Regardless of whether the City is really still investigating a three year old IAD complaint, the City has not made any demonstration of harm that would result from disclosure.

2.    Plaintiff disputes that "the viability of Plaintiff's claim against the City depends on the Appeals Court's ruling on the individual liability claims." Def. Mem. at 1. The City made this

same claim to the First Circuit when it moved to stay discovery against it pending the appeal.[1] The First Circuit denied the City's motion. The interlocutory appeal raises only the question of whether the officers are entitled to qualified immunity because the law was not clear; the First Circuit's ruling on this issue will have no bearing on Plaintiff's *Monell* claim, which is not subject to the qualified immunity defense. *See Wilson v. City of Boston,* 421 F.3d 45, 50 (1st Cir. 2005). Accordingly, the Court should reject the suggestion that discovery in this Court is somehow an empty exercise.

3.      After Plaintiff filed his motion to compel on December 10, 2010, he received a supplemental privilege log from the City. A copy is attached as Exhibit 6 (Exhibits 1-5 were submitted with the declaration of counsel). This supplemental log identifies four additional documents, dated from 2007 and 2008, that were not identified on the initial privilege log and for which the City also claims the investigatory privilege. Ex. 6 at 2 (last four entries). Three are memos, one is a summary of Plaintiff's complaint. As with the other materials on the privilege log, the City has not shown that these are the type of sensitive investigatory materials to which the law enforcement privilege applies or that any harm to an investigation would result from producing them. The Court should order production of these materials along with the rest of the file.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to compel and order production of the entire IAD file concerning this incident.

---

[1] The City incorrectly states that only the officers appealed. The City also filed a notice of appeal, then moved to stay discovery against it, first in this Court (Young, J.), then in the First Circuit. It has since abandoned its appeal.

2

RESPECTFULLY SUBMITTED,

For the Plaintiff,
By his attorneys,

/s/ David Milton
Howard Friedman, BBO #180080
David Milton, BBO # 668908
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com

/s/ Sarah Wunsch
Sarah Wunsch, BBO # 548767
**American Civil Liberties Union of Massachusetts**
211 Congress Street, 3rd floor
Boston, MA 02110
(617) 482-3170, ext. 323
swunsch@aclum.org

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: December 23, 2010        /s/ David Milton
                               David Milton