UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 LTS

| | |
|---|---|
| **SIMON GLIK,**<br>            **Plaintiff**<br><br>v.<br><br>**JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON,**<br>            **Defendants.** | |

### DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT OF ITS MOTION TO MAINTAIN THE "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" DESIGNATION OF CERTAIN DOCUMENTS PRODUCED THROUGH DISCOVERY

Now comes the Defendant, City of Boston ("City"), and respectfully moves, pursuant to the terms of the parties' Protective Order, to retain the "confidential—subject to protective order" designation of documents[1] that have been produced by the City that relate to the internal affairs investigation of the underlying case.

Over the course of litigation, the City has produced the Plaintiff with documents within the still-ongoing internal affairs investigation that was prompted by the underlying lawsuit. Now, Plaintiff seeks to un-designate the internal affairs investigation as confidential, presumably, so he may publicly disclose it. The City seeks to maintain the confidentiality of the internal affairs investigation because it is in the interest of the public to keep internal affairs investigations confidential. By its terms, Fed. R. Civ. P. 26(c) permits the trial court, in its discretion, to impose limitations which restrict use of the information obtained during discovery. *See Seattle Times Co. v. Rhinehart, et. al.*, 467 U.S. 20 (1984). A protective order restricting

---

[1] The documents at issue are marked as Bates P75 – P136.

public dissemination of information, may be issued, pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause. *See* Fed. R. Civ. P. 26(c), *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 5 (1st Cir. 1986).

The City's interest in protecting the sensitive information contained in the internal affairs investigation from public disclosure is substantial. First, the internal affairs investigation is still ongoing and therefore, any public disclosure of the sensitive information within the file, such as witness statements, interview notes, and personal information, could hinder the investigation. The Plaintiff is not entitled to publicly disclose the contents of an ongoing internal affairs investigation. The Massachusetts investigatory privilege protects government bodies from disclosures that "may reveal information about [] investigative techniques that could, in turn, compromise its public interest in effective law enforcement." *See Bliss v. Fisher*, No. 10-10252-EFH, WL 4125805 (D. Mass., October 21, 2010) (*citing Roviaro v. United State,* 353 U.S. 53, 59-60 (1957)); *Puerto Rico v. United States,* 490 F.3d 50, 62-64 (1st Cir.2007); *United States v. Cintolo*, 818 F.2d 980, 983-84 (1st Cir.1987).

While the investigatory privilege is not absolute and is applied on a case-by-case basis, the information sought to be publicly disclosed under the immediate circumstances is of the kind in which the privilege certainly should prohibit disclosure. The purpose of an internal affairs investigation is to investigate allegations of wrongful conduct by police officers. It should be obvious that such an investigation would be severely compromised if the contents of the investigatory file are publicly disclosed prior to the conclusion of the investigation and a decision being made on whether wrongdoing occurred. Publicizing investigatory techniques and witness statements prior to the conclusion of an investigation would only serve to undermine the efforts of the internal affairs investigators. In this instance, the Plaintiff has been provided with the

contents of the investigation despite the fact that it is still ongoing.  Thus, the public interest in maintaining the confidentiality of the still-ongoing internal affairs investigation far outweighs the Plaintiff's desire to publicly disclose its highly sensitive contents.

Second, the internal affairs file contains statements made not only by the civilian complainant, but other witnesses as well, and includes the witness's personal information.  There is a substantial privacy interest in protecting this information from public disclosure because civilian witnesses are informed that their statements, as well as their personal information, will remain confidential when they provide witness statements to the police department as part of internal affairs investigations.

In considering the City's reasons for seeking to maintain the confidentiality of the internal affairs file, this Court should also consider state law where it is consistent with federal common law and statutory authority. In *Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester*, 58 Mass. App. Ct., 1, 10-11 (2003), the Massachusetts Appeals Court recognized that it is in the interest of the public to "encourage individual citizens and police to be cooperative, forthright, and candid in their dealings with investigators." *Id*. at 9, n.8.  In that case, however, the Court observed that such concerns as to confidentiality and promotion of candor are protected not by the "personnel file or information" exemption, but by the privacy and investigatory exemptions. *Id.*

The internal affairs file, specifically one containing witness names, addresses and phone numbers, are subject to the investigatory exemption set forth in M.G.L. c. 4, § 7, clause 26(f):[2]

> investigatory materials necessarily compiled out of the public view
> by law enforcement or other investigatory officials the disclosure

---

[2] The Massachusetts investigatory exemption is consistent with both federal common law and statutory privileges protecting investigatory materials, as well as individual privacy interests. *See* 5 U.S.C. § 552(b)(6) & (7).

> of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.

The purpose exemption of the investigatory exemption is to encourage civilian witnesses and complainants to come forward and speak freely with police. *Bougas v. Chief of Police of Lexington*, 371 Mass. 59, 62 (1976). Here, the City has *already* produced the contents of the still-pending internal affairs file to the Plaintiff through discovery. Under the terms of the parties' Protective Order, the Plaintiff may still share the contents of the internal affairs file with counsel and counsel's investigators, consultants, experts, or witnesses affiliated with this case. Plaintiff is only restricted from disseminating confidential information to members of the public unaffiliated to this case.

It is inconceivable why the Plaintiff seeks to publicly disclose the contents of the internal affairs file. The facts of the underlying case are already widely known. Indeed, the only information within the internal affairs file that remains confidential is the witness statements, interviewer notes, witness and police officer interviews, and the personal information of all who participated in the investigation.[3] The City's interest in maintaining the confidentiality of its investigatory techniques, witness statements, and the personal information of witnesses who come forward, clearly outweighs Plaintiff's desire to increase the profile of this case. If the City were to routinely publicly disclose the sensitive information within internal affairs files, witnesses and complainants would hardly be wiling to come forward and speak candidly with police.

Consequently, the City has good cause to maintain the "confidential—subject to protective order" designation of the contents of the internal affairs file that have been produced

---

[3] As the investigation is still ongoing, more highly sensitive information will be created by the internal affairs investigators that should remain confidential.

to the Plaintiff through discovery and the Court should grant the instant motion.

|  |  |
|---|---|
| | Respectfully submitted,|
| **CERTIFICATE OF SERVICE** | DEFENDANT, CITY OF BOSTON, |
| | |
| I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants. | William F. Sinnott, Corporation Counsel  By its attorney, |
| | |
| Date:  10/5/11      /s/ Lisa Skehill Maki        Lisa Skehill Maki | /s/ Lisa Skehill Maki  Lisa S. Maki, BBO # 675344  Assistant Corporation Counsel  City of Boston Law Department  1 City Hall Plaza, Room 615  Boston, MA 02201  (617) 635-4022 |

### 7.1 Certification

Undersigned counsel certifies that on or about September 23, 2011, she conferred in good faith with counsel for the Plaintiff in an attempt to resolve and/or narrow the issues raised herein but was unable to do so.

Date:   October 5, 2011                                                   /s/ Lisa Skehill Maki
                                                                                            Lisa Skehill Maki