UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON GLIK, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>JOHN CUNNIFFE, PETER J. SAVALIS )<br>and JEROME HALL-BREWSTER, in their )<br>individual capacities, and the CITY OF BOSTON, )<br>)<br>      Defendants. )<br>) | Civil Action No. 10-10150 LTS |

### PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION TO MAINTAIN THE "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" DESIGNATION OF CERTAIN DOCUMENTS PRODUCED THROUGH DISCOVERY

Plaintiff opposes the City of Boston's motion to maintain the confidentiality of the file of the Boston Police Department Internal Affairs Division ("IAD") investigation of his own citizen complaint about the conduct at issue in this lawsuit. The City offers only boilerplate, unsubstantiated generalities to support its assertion that materials from the investigation – which the City claims is still ongoing nearly four years after Plaintiff lodged his complaint – must be kept confidential. Accordingly, the City has not shown good cause for the application of a protective order to these materials.

### DISCUSSION

**I.    The City Fails to Establish Good Cause for Keeping Internal Affairs Materials Confidential**

The Court may issue a protective order only "for good cause shown." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of showing that good cause exists for the issuance of that order." *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 789 (1st Cir. 1988); *accord*

*Anderson v. Cryovac,* Inc., 805 F.2d 1, 7 (1st Cir. 1986). A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. *Anderson,* 805 F.2d at 7; *see also Miller v. City of Boston,* 549 F. Supp. 2d 140, 141 (D. Mass. 2008). "If it were otherwise, protective orders would be the general rule and not the exception." *Cohen v. Brown Univ.,* 2000 U.S. Dist. Lexis 7091, at *6 (D.N.H. May 12, 2000). As Judge Stearns recently noted, "a policy of broad public access is consistent with the position taken by the Judicial Conference of the United States at its September 2011 meeting with respect to the sealing of civil case records." *ACLU v. Sebelius,* 2011 U.S. Dist. LEXIS 115783, at *2 (D. Mass. Oct. 6, 2011) (further noting that "[t]he First Amendment militates against overly broad confidentiality designations").

The City has not met its burden. The City does not identify with particularity the materials it claims are confidential. And the City does not provide any facts to support counsel's generic assertions of harm from disclosure of these materials. This alone defeats the City's motion. *See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.,* 2011 U.S. Dist. LEXIS 47167 (D. Mass. Apr. 26, 2011) ("The glaring absence of any particularized details beyond conclusory statements of need precludes a showing of good cause."); *Miller,* 549 F. Supp. 2d at 141 (general statements about need for confidentiality "do not rise to the level of a 'particular factual demonstration of potential harm'") (citing *Anderson,* 805 F.2d at 7); *Cohen*, 2000 U.S. Dist. LEXIS 7091, at *5 (holding that it was clear error to allow protective order where party seeking order failed to support request "with specific evidence that it will suffer serious injury if the order is not issued."). Plaintiff agrees that any sensitive personal identifying information could be redacted from public versions of the documents. Plaintiff notes, however, that he had already obtained from other sources the names of the civilian witnesses identified in the file.

The reasons the City provides for maintaining confidentiality do not stand up to scrutiny, and have already been rejected by this Court in this case. The City previously claimed that the "investigatory privilege" shielded the entire IA file from disclosure even from Plaintiff. In its December 20 order allowing Plaintiff's motion to compel the complete contents of the IA file, the Court stated:

> The City has failed to meet its burden to establish that the investigatory privilege precludes all of the discovery the Plaintiff seeks. The Motion to Compel (docket #35) is ALLOWED and the City shall produce the requested discovery within fourteen days, subject to the terms of this Order. Because the First Circuit has stayed the Plaintiffs case against the individual defendant officers, the Parties need not disclose, and prior to February 28, 2011, the Plaintiff shall not disclose to the other parties in the case the discovery which is the subject of this Order. If the City believes further protection is warranted, it shall file a motion with appropriate supporting documentation prior to February 28, 2011.

Electronic Order, entered Dec. 29, 2010. In the instant motion, the City raises no new arguments, and still provides no factual support, for its assertion that this investigation and others will be "severely compromised" by disclosure. Def. Mem. at 2.

The mere fact that the investigation is supposedly still ongoing is insufficient to warrant keeping the contents of the file confidential. Courts routinely order production of files from ongoing civilian complaint investigations. *See, e.g., Barrett v. City of New York,* 237 F.R.D. 39, 42 (E.D.N.Y. 2006) (ordering production where "defendants broadly assert that disclosure of any unresolved [civilian] complaints will impede any ongoing investigations of these complaints" but "fail to specifically identify any potential harm that may result from … disclosure"); *see also Jouvalakas v. Minnehan,* 2004 U.S. Dist. Lexis 11120, at *2 (D. Mass. June 18, 2004) ("[N]o blanket investigatory privilege exists to protect Internal Affairs investigations; and on the record in this case, nothing

suggests any particular harm to the investigation by disclosure, if, indeed, it is still ongoing.").[1] The City's unsubstantiated assertion that disclosure will chill citizens' willingness to talk to the police is also insufficient to establish good cause. *See, e.g., Williams v. City of Boston,* 213 F.R.D. 99, 102 (D. Mass. 2003) (noting courts' "skepticism that disclosure of internal investigative reports would compromise or chill investigations"); *Wiggins v. Burge,* 173 F.R.D. 226, 229-30 (N.D. Ill. 1997) (noting lack of empirical evidence to support this claim).

The City's claim that the IA files are not public records under state law is incorrect. *See Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester,* 58 Mass. App. Ct. 1, 7-8 (Mass. App. Ct. 2003) (treating internal affairs file as public record and stating that "[a] citizenry's full and fair assessment of a police department's internal investigation of its officer's actions promotes the core value of trust between citizens and police essential to law enforcement and the protection of constitutional rights").[2] The City's claim is also belied by its own policy of releasing redacted versions of IA files pursuant to public records requests. *See Medina v. Holt,* 11-cv-10256, Dkt. 22, Defs.' Reply to Pl.'s Resp. to Mot. for Entry of Prot. Order, attached as Ex. 1 hereto, at 2 (noting

---

[1] The City's self-serving claim that the investigation is ongoing has no reasonable stopping point. While the investigation may be nominally open, the City has been dilatory at best in trying to bring it to a close. Mr. Glik filed his complaint on November 1, 2007. It is now almost four years later. Plaintiff, the officers, and a civilian witness (the man whose arrest Mr. Glik filmed) have all been interviewed. *See* Dkt. 41-1 (privilege log from City identifying contents of file as of December 2010). In the eight months since the City provided the complete contents of the file as of February 2011 pursuant to the Court's order, the City has not identified a single document that has been added to the file.

[2] *Bougas v. Chief of Police of Lexington,* 371 Mass. 59 (1976), cited by Defendants, is not to the contrary. That case involved the application of the investigatory exemption to materials in a criminal file, not an internal affairs file. *Id.* at 60. The more recent *Worcester Telegram* decision treated IA files as public records. *See Worcester Telegram,* 58 Mass. App. Ct. at 7-8. Moreover, the *Bougas* court stressed that "[t]here is no blanket exemption provided for records kept by police departments nor does the investigatory materials exemption extend to every document that may be placed within what may be characterized as an investigatory file." *Id.* at 65.

that redacted versions of IA materials are available to the general public). As mentioned, Plaintiff agrees that personal identifying information may be kept confidential.

## II.     The Public Interest Favors Disclosure

The public interest in disclosure of these materials is strong. This is a federal civil rights case challenging the lawfulness of police activity, a matter of great public concern. *See Glik v. Cunniffe,* 2011 U.S. App. LEXIS 17841 (1st Cir. Aug. 26, 2011) ("Gathering information about government officials in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting the free discussion of governmental affairs.") (citation and internal quotation marks omitted). Shielding police department investigations from public scrutiny "offends basic notions of openness and public confidence in our system of justice." *Williams v. City of Boston,* 213 F.R.D. 99, 102 (D. Mass. 2003).[3]

The public interest in this case is shown by the widespread media coverage of the First Circuit's opinion. *See, e.g.,* "A Vital Liberty," New York Times, Sept. 1, 2011 (describing opinion as "an important decision"). The protective order should not allow the police department to improperly shield itself from public scrutiny about the important matters at issue in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny the City's motion to maintain the "confidential – subject to protective order" designation for the IA materials at issue.

---

[3] *See also, e.g., Wiggins v. Burge,* 173 F.R.D. 226, 230 (N.D. Ill. 1997)("The public has a right to know how matters concerning their daily protection are being investigated and handled."). *King v. Conde,* 121 F.R.D. 180, 190 (E.D.N.Y. 1988) ("Lawfulness of police operations is a matter of great concern to citizens in a democracy and protective orders must be considered with that concern in mind.").

RESPECTFULLY SUBMITTED

Simon Glik,
By his attorneys,

/s/ David Milton
David Milton BBO #668908
Howard Friedman BBO #180080
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth floor
Boston, MA 02114-2022
(617) 742-4100

/s/ Sarah Wunsch/dm
Sarah Wunsch BBO #548767
American Civil Liberties Union of
Massachusetts
211 Congress Street, 3rd floor
Boston, MA 02110
(617) 482-3170, ext. 323
swunsch@aclum.org

Dated: October 19, 2011

### CERTIFICATE OF SERVICE

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: October 19, 2011    /s/ David Milton
                          David Milton