**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 11-10256-NMG

CARLOS MEDINA,
     <u>Plaintiff</u>,

v.

CHRISTOPHER HOLT and
TIMOTHY LENANE
     <u>Defendants</u>

<u>**DEFENDANTS, CHRISTOPHER HOLT AND TIMOTHY LENANE'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ENTRY OF PROTECTIVE ORDER**</u>

Pursuant to Magistrate Judge Leo T. Sorokin's order, dated September 30, 2011, the Defendants' Christopher Holt and Timothy Lenane ("Defednants") hereby reply to the Plaintiff Carlos Medina's ("Plaintiff") Response to Defendants' Motion for Entry of Protective Order.

The Defendants, through one of their attorneys ACC Ian Prior, had originally proposed a protective order to the Plaintiff's counsel, which was promptly rejected (Attached as Exhibit 1 to Plaintiff's Response). One of the reasons Plaintiff rejected the proposed order at that time was that "Defendants did not identify documents that it would deem subject to the order." Pl. Resp. at p. 2. As no party had served discovery requests at that time, it was impossible to say which documents, if any, would be protected under any such order. Currently, while there are discovery requests outstanding, there is no way of knowing if any more requests will be forthcoming. Therefore, the Defendants could not even today state with certainty what documents will fall under the protection of the

1

protective order.  For the Plaintiff to require this of the Defendants before agreeing to an order is simply not realistic.

Moreover, even when the Defendants attempted to identify documents that are subject to a protective order, the Plaintiff nevertheless objected.  The Plaintiff is correct that in their proposed protective order, Defendants seek to keep certain documents, such as Internal Affairs Documents protected.  While redacted versions are available under a public record request to anyone of the general public, Defendants would be hesitant to provide anything other than redacted copies to the Plaintiff without a protective order given some of the sensitive information that it may contain.  It is not unreasonable to designate these files, in their unredacted form, as confidential information under a valid protective order.

Finally, once the issue of the protective order was brought up a second time, it would have been redundant to submit to the Plaintiff a protective order for adoption that they had already declined to adopt.  Therefore, attorney for the Defendants, ACC Raquel Ruano, modified the proposed order in one respect and sent it over for review.  Again it was rejected by the Plaintiff due to this modification.  As the Plaintiff's counsel's firm had written this protective order in other cases (Glik and O'Brien are two such mentioned in Plaintiff's Response), counsel apparently will not adopt any order in which their proposed order is modified.  By not even being able to compromise on a protective order is what leads this issue being brought before this Court.

The revision at dispute by the Plaintiff is on who bears the burden of bringing a disputed designation to the Court's attention for adjudication.  Defendants proposed that the burden should lay on the party objecting to the designation.  Ex. 2 to Plaintiff's Response at § 7(c), p. 5.  In most court proceedings, the party who has an objection (i.e. to evidence, to testimony) is the party that bears the burden of bringing their objection to the

2

Case 1:11-cv-10256-NMG   Document 22    Filed 10/07/11   Page 3 of 3

Court's attention or thereby waiving it.  This provision in the proposed order attached as Ex. 2 of the Plaintiff's Response has the same purpose.

Defendants are agreeing that a version of the District of Maine's Model Protective Order is the best as it does provide certain safeguards which the Defendants' Proposed Order does not have.  What is disputed, however, is the provision in § 7(c).  Therefore, the Defendants are asking that the Court endorse the Proposed Protective Order that is attached as Exhibit 1 and also attached to Plaintiff's Response as Exhibit 2.  This Proposed Order is a compromise between the parties and it places the obligation to file a motion objecting to a confidential designation squarely on the proper party – the one objecting.

Respectfully submitted,
FOR THE DEFENDANTS
Christopher Holt and Timothy Lenane,

By their attorney:
William F. Sinnott
Corporation Counsel

/s/ Raquel D. Ruano
Raquel D. Ruano, Esq.
BBO #658735
Michelle Hinkley
BBO# 675609
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039 (Ruano)
(617) 635-3238 (Hinkley)