UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10150 LTS

| | |
|---|---|
| SIMON GLIK,<br>          Plaintiff<br><br>v.<br><br>JOHN CUNNIFFE, PETER J. SAVALIS and JEROME HALL-BREWSTER, in their individual capacities, and the CITY OF BOSTON,<br>          Defendants. | |

### DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT OF ITS MOTION TO MAINTAIN THE "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" DESIGNATION OF CERTAIN DOCUMENTS PRODUCED THROUGH DISCOVERY

Now comes the Defendant, City of Boston ("City"), and respectfully moves, pursuant to the terms of the parties' Protective Order, to retain the "confidential—subject to protective order" designation of the City's internal affairs summary[1] that was produced to the plaintiff by the City through discovery. As grounds, the City states that it has a strong interest in maintaining the confidentiality of the internal affairs interview summary as it contains the mental impressions and recommendations of investigating officers. Further, the City seeks to protect the integrity of the ongoing litigation by preventing the public dissemination of witness statements made in confidence to internal affairs investigators.

The internal affairs interview summary should not be publicly disclosed as it contains the investigating officer's mental impressions and recommendations regarding the plaintiff's allegations of wrongdoing. This interview summary was reviewed by superior officers who then made the ultimate decision to initiate or not initiate disciplinary action against the officer

---

[1] The documents at issue are marked as Bates P200-209.

1

defendants. Thus, the interview summary was merely a pre-decisional recommendation meant to advise superior officers about the investigator's opinion on the plaintiff's allegations. Subjecting this interview summary to public scrutiny in the midst of litigation could not only inhibit investigating officers' ability to speak candidly with their superiors, or fellow officers to speak candidly with IAD investigators, but also hamper the willingness of non-party witnesses to come forward in future internal affairs investigations or during the remainder of this litigation.

There is a substantial public policy interest in protecting the internal affairs investigator's mental impressions from public disclosure. The assurance of confidentiality allows internal affairs investigators to be as thorough and candid as possible in their evaluation of the evidence they review as part of their investigation. Massachusetts law recognizes this public policy interest by protecting police investigatory materials from public disclosure. M.G.L. 4, § 7 Twenty-Sixth (f) exempts the following from its definition of public records: "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." *See also Bliss v. Fisher*, No. 10-10252-EFH, WL 4125805 (D. Mass., October 21, 2010) (*citing Roviaro v. United State,* 353 U.S. 53, 59-60 (1957)); *Puerto Rico v. United States,* 490 F.3d 50, 62-64 (1st Cir.2007); *United States v. Cintolo*, 818 F.2d 980, 983-84 (1st Cir.1987).

That same policy interest is furthered by the existence of the "deliberative process" privilege which prevents the disclosure of "confidential intra-agency advisory opinions, disclosure of which would be injurious to the consultative functions of government." *NLRB v. Sears Roebuck & Co.,* 421 U.S. 132, 149 (1975). The very purpose behind the deliberative process privilege "is to prevent injury to the quality of agency decisions." *Id.* at 151; *accord*

*Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8-9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions,' by protecting open and frank discussion among those who make them within the Government"); *General Elec. Co. v. United States EPA,* 18 F.Supp.2d 138, 140 (D. Mass. 1998) ("executive deliberative process privilege. . . is grounded on the proposition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl").

Requiring the public disclosure of the internal affairs investigator's mental impressions and recommendations could have a significant negative effect on investigating officers' ability to report candidly on their evaluation of the credibility of both officers and civilian complainants. It could also have a significant impact on other officers and their ability to speak openly with internal affairs investigators on their conduct and the conduct of their fellow officers. This public policy interest is substantial and is not outweighed by the Plaintiff's minimal interest in publicly disclosing its contents in an already widely-publicized case, which is still ongoing.

Furthermore, there is a substantial privacy interest in protecting the information and statements of cooperating non-party witnesses. As evidenced by the summary interview itself in this case, it is oftentimes difficult for internal affairs investigators to find cooperating non-party witnesses to come forward and provide information. Particularly in this case, the only non-party witness that spoke with the police did so reluctantly. The other known non-party witness refused to cooperate completely. Publicly disclosing the contents of the interview summary could, quite possibly, prevent any future cooperation by non-party witnesses which would, in turn, have a significant impact on the outcome of this litigation, which is still only in the discovery phase.

Consequently, the City has good cause to maintain the "confidential—subject to protective order" designation of the contents of internal affairs interview summary that has been produced to the Plaintiff through discovery and the Court should grant the instant motion.

|  |  |
|---|---|
| | Respectfully submitted, |
| **CERTIFICATE OF SERVICE** | DEFENDANT, CITY OF BOSTON, |
| | |
| I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants. | William F. Sinnott, Corporation Counsel  By its attorney, |
| | /s/ Lisa Skehill Maki |
| Date:  2/17/2012     /s/ Lisa Skehill Maki                    Lisa Skehill Maki | Lisa S. Maki, BBO # 675344  Assistant Corporation Counsel  City of Boston Law Department  1 City Hall Plaza, Room 615  Boston, MA 02201  (617) 635-4022 |

### 7.1 Certification

Undersigned counsel certifies that on or about February 2, 2012, she conferred in good faith with counsel for the Plaintiff in an attempt to resolve and/or narrow the issues raised herein but was unable to do so.

Date:   February 17, 2012                                              /s/ Lisa Skehill Maki
                                                                                            Lisa Skehill Maki