## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON GLIK, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOHN CUNNIFFE, PETER J. SAVALIS )<br>and JEROME HALL-BREWSTER, in their )<br>individual capacities, and the CITY OF BOSTON, )<br><br>Defendants. ) | Civil Action No. 10-10150-LTS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION TO MAINTAIN THE "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" DESIGNATION OF CERTAIN DOCUMENTS PRODUCED THROUGH DISCOVERY

Plaintiff opposes the City of Boston's motion to maintain the confidentiality of the final report of the Boston Police Department Internal Affairs Division ("IAD") regarding Plaintiff's citizen complaint about the conduct at issue in this lawsuit. The City's motion reprises generic, unsubstantiated arguments about the supposed harms from disclosing IAD materials that this Court has already rejected, twice. The motion inaccurately describes the nature and contents of the report it seeks to maintain confidential. The report is effectively the final decision of the BPD on Plaintiff's complaint. It has been adopted and signed off on by everyone up the chain of the command who reviewed it, including the Commissioner. The rest of the IAD file is public. The City has not shown good cause for the application of a protective order to this report.

## DISCUSSION

The Court may issue a protective order only "for good cause shown." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of showing that good cause exists for the

issuance of that order." *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 789 (1st Cir. 1988); *accord Anderson v. Cryovac,* Inc., 805 F.2d 1, 7 (1st Cir. 1986). A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. *Anderson,* 805 F.2d at 7; *see also Miller v. City of Boston,* 549 F. Supp. 2d 140, 141 (D. Mass. 2008). "If it were otherwise, protective orders would be the general rule and not the exception." *Cohen v. Brown Univ.,* 2000 U.S. Dist. Lexis 7091, at *6 (D.N.H. May 12, 2000). As Judge Stearns recently noted, "a policy of broad public access is consistent with the position taken by the Judicial Conference of the United States at its September 2011 meeting with respect to the sealing of civil case records." *ACLU v. Sebelius,* 2011 U.S. Dist. LEXIS 115783, at *2 (D. Mass. Oct. 6, 2011) (further noting that "[t]he First Amendment militates against overly broad confidentiality designations").

The City has not met its burden. The entire underlying investigation – all civilian and police interviews, all internal memos – is public.[1] (Plaintiff has agreed to redact the names of civilian witnesses in public versions of documents, even though the identity of both of these witnesses was known to Plaintiff through non-confidential records obtained before this lawsuit.) The report at issue is almost entirely factual, describing the interviews and other evidence gathered during the nearly four-year investigation. It is not "predecisional," and it is not part of a deliberative process. Though it contains recommended dispositions, it is effectively the final report of the BPD. The report was reviewed and signed by multiple people up the chain of command, and it was reviewed

---

[1] The City previously filed a motion to maintain the confidentiality of this file, raising the same unsubstantiated arguments that disclosure of these police "investigatory materials" would prejudice effective law enforcement, chill witness cooperation, and so on, that it raises in the instant motion. The motion was denied, Electronic Order dated 11/7/11 (denying Dkt. 48). The City's earlier attempt to prevent Plaintiff from even discovering these materials, also based on the investigatory privilege, was likewise denied. Electronic Order dated 12/29/10 (allowing Plaintiff's motion to compel, Dkt. 35).

and accepted by the Commissioner.[2] Neither in the margins of the report itself, nor in any other document the City has produced, is there any "deliberation" or "candid discussion" about the decision.[3]

Magistrate Judge Dein rejected the City's claim that findings and recommendations concerning disciplinary decisions in the BPD are protected by the deliberative process privilege.[4] *Williams v. City of Boston,* 213 F.R.D. 99 (D. Mass. 2003). Describing hearing officer reports that summarized evidence and made recommendations – reports the City claimed were mere advisory opinions – the Court stated:

> Viewing the policy behind the deliberative process privilege, it is clear that it does not apply to the final Reports of the hearing officers in the instant case. The hearing officers' recommendations, like the facts which are contained in the Reports, is information passed on to the Commissioner for his consideration. It is not supposed to form the subject of discussion between the hearing officer and the Commissioner, and its production should in no way chill the Commissioner's decision-making process.

*Id. at* 101. This analysis applies with even greater force to the report at issue here because it has been approved by the Commissioner.

Judge Dein's further point, that shielding police department investigations from public scrutiny "offends basic notions of openness and public confidence in our system of justice," *id.* at 102, is equally applicable here. As the First Circuit has said, *in this case*, "[g]athering information

---

[2] See Exhibit 1, attached hereto, at 2 (letter dated January 5, 2012, from Superintendent Kenneth Fong to Plaintiff summarizing results of investigation, and stating that the Commissioner had accepted IAD's recommended findings). Internal memos produced by the City contain the initials of the Legal Advisor and the Commissioner, indicating their review and acceptance of the recommendations of IAD. As mentioned, the report at issue in this motion was signed by several people up the chain of command.

[3] Nor has the City identified any other documents, through a privilege log, that refer to any such deliberative process.

[4] The issue before this Court, of course, is not whether the privilege applies, since the materials have already been produced without any claim of privilege.

about government officials in a form that can readily be disseminated to others serves a cardinal

First Amendment interest in protecting and promoting the 'free discussion of governmental

affairs.'" *Glik v. Cunniffe,* 655 F.3d 78, 82 (1st Cir. 2011) (quoting *Mills v. Alabama,* 384 U.S. 214, 218

(1966)).

The widespread media attention devoted to this case weighs in favor of disclosing the report,

not against it. The publicity bespeaks the strong public interest in the fundamental issues of

government accountability and transparency at issue in the litigation. The protective order should

not permit the police department to subvert these core First Amendment values.

## CONCLUSION

For the foregoing reasons, the Court should deny the City's motion to maintain the

"confidential – subject to protective order" designation for the IA report at issue.

RESPECTFULLY SUBMITTED

Simon Glik,
By his attorneys,

/s/ David Milton
David Milton BBO #668908
Howard Friedman BBO #180080
**Law Offices of Howard Friedman PC**
90 Canal Street, Fifth floor
Boston, MA 02114-2022
(617) 742-4100

/s/ Sarah Wunsch
Sarah Wunsch BBO #548767
American Civil Liberties Union of
Massachusetts
211 Congress Street, 3rd floor
Boston, MA 02110
(617) 482-3170, ext. 323
swunsch@aclum.org

Dated: March 2, 2012

4

### CERTIFICATE OF SERVICE

I certify that on this day a true copy of the above
document was served upon the attorney of record
for each party via ECF.

Date: March 2, 2012          /s/ David Milton
                             David Milton